UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES H. LEE, JR. (#386633)

VERSUS                                            CIVIL ACTION

LEE WADE, ET AL                                   NUMBER 14-272-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 21, 2014.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES H. LEE, JR. (#386633)

VERSUS                                          CIVIL ACTION

LEE WADE, ET AL                                 NUMBER 14-272-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain and Cadet Lee Wade. Plaintiff alleged that Cadet Wade issued him a false disciplinary which was racially motivated in violation of his constitutional rights.

**I. Applicable Law and Analysis**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and

may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative

2

remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff stated in his complaint that he filed Administrative Remedy Procedure ("ARP") LSP-2014-0961 regarding the claims raised in the complaint.[1] Plaintiff alleged that the ARP was "rejected as being deemed as a disciplinary appeal."[2]

In accordance with the Adult Administrative Remedy Procedures,

---

[1] Record document number 1, p. 3, § II. C. 1.

[2] *Id.* at p. 7, § IV, ¶ 14.

3

an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. An ARP request may be rejected on the ground that there are specialized administrative remedy procedures in place for this specific type of complaint, such as, disciplinary matters or lost property claims. *Id*. at § 325 (1)(a)(ii)(b)(i) and (ii).

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The Louisiana Department of Public Safety and Corrections was ordered to file a certified copy of any ARP record related to the claims raised in the complaint. In its response, the department filed the entire administrative record regarding ARP LSP-2014-0961.[3] In his ARP the plaintiff, who is black, complained that he was involved in a verbal argument with inmate Robert Spencer, who is white, which resulted in Cadet Lee issuing the plaintiff a disciplinary report. The ARP complained that the disciplinary

---

[3] Record document number 5.

report falsely accused him of being aggressive and threatening and lunging toward inmate Spencer. Plaintiff complained that he was the victim of "racial profiling" when Cadet Lee wrote the disciplinary report to favor the white inmate by identifying the plaintiff as the aggressor.

A review of ARP LSP-2014-0961 showed that it was received in the Warden's Office on April 2, 2014,[4] and on April 14, 2014, it was rejected because it pertained to disciplinary matters which may not be appealed through the ARP system.[5] Plaintiff was advised that disciplinary matters must be appealed through the disciplinary appeals process.[6] Plaintiff did not alleged in the complaint that he pursed a disciplinary appeal.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

---

[4] Record document number 5-1, p. 2.

[5] Record document number 5-1, p. 1.

[6] *Id.*

5

**RECOMMENDATION**

It is the recommendation of the magistrate judge that plaintiff's complaint be dismissed for failure to state a claim, predicated on the plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[7]

Baton Rouge, Louisiana, May 21, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] *Underwood v. Wilson*, 151 F.3d at 296.